IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RITA PITTMAN
*Plaintiff*,

v.

QUEST DIAGNOSTICS, INC.
*Defendant*.

Civil Action No. ELH-15-3093

**MEMORANDUM**

In this Memorandum, the Court considers whether the defendant timely removed this case to federal court. At the outset of the litigation, the suit contained a federal question but it lacked complete diversity. Removal occurred within thirty days of the existence of complete diversity, but more than thirty days after the suit was served upon the defendant.

On June 29, 2015, Rita Pittman filed suit in the Circuit Court for Baltimore City against Quest Diagnostics, Inc. ("Quest"), Wanda Sprague, and John J. Loh, M.D., alleging discrimination in employment based on race. ECF 2, "Complaint"; ECF 1-2 at 2–3. In particular, plaintiff alleged that Sprague and Loh violated 42 U.S.C. § 1981, and that Quest violated Md. Code (2009 Repl. Vol., 2011 Supp.), § 20-601 *et seq.* of the State Government Article ("S.G."). ECF 2 at 3–6.

"Quest is a Delaware Corporation with its principal office in New Jersey" and Sprague and Loh "are domiciled in Maryland . . . ." ECF 1, ¶ 3. Plaintiff is also domiciled in Maryland. ECF 2 at 1. Sprague and Loh were served with the suit on July 13, 2015. Quest was served a month later, on August 13, 2015. ECF 20 at 2.

Plaintiff voluntarily moved to dismiss Sprague and Loh from the State proceeding on or about September 16, 2015.[1] ECF 11. The Circuit Court for Baltimore City granted that motion on the same date. ECF 12. Thereafter, on October 9, 2015, Quest removed the case to this Court, based on diversity jurisdiction. ECF 1, "Notice of Removal," ¶ 4; *see* 28 U.S.C. § 1332(a)(1) and § 1441(b).

On November 9, 2015, plaintiff filed a Motion to Remand (ECF 20, "Motion"), arguing that defendant's removal was untimely. ECF 20.[2] Quest opposes the Motion. ECF 22, "Opposition." No reply has been filed, and the time to do so has expired.

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion.

## I. Factual Background[3]

Plaintiff is an African American female employed by Quest as a phlebotomist. ECF 2, ¶¶ 1, 2. In September 2012, she was placed in Loh's medical office, trading as Mace Medical, to provide "phlebotomy services" for Loh's patients. *Id*. Sprague, who is Caucasian, worked as Office Manager at Mace Medical. *Id.* ¶ 3. While plaintiff was working in Loh's office, Sprague allegedly "made racially derogatory slurs" and used "racially derogatory language," which plaintiff regarded as "extremely offensive." *Id.* ¶ 4. For example, Sprague allegedly referred to

[1] The parties indicate that Sprague and Loh were voluntarily dismissed on September 23, 2015. *See* ECF 20 at 2; ECF 22 at 2. However, documents from the Circuit Court for Baltimore City reflect that Sprague and Loh were dismissed on September 16, 2015. ECF 12 at 1. The discrepancy is not material.

[2] The Motion was filed thirty-one days after removal. However, the thirtieth day, November 8, 2015, fell on a Sunday. Therefore, plaintiff had until November 9, 2015, to move to remand. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] It is unnecessary to review plaintiff's factual allegations in detail for the purposes of this Memorandum.

plaintiff as "'Mammy,'" which is "considered a derogatory term among African Americans. . . ." *Id.* Sprague also said "'Yes, um'" to plaintiff, "mimicking a southern dialect. . . ." *Id.* ¶ 6. Plaintiff contends that Sprague's "comments were malicious and calculated to be racially offensive to the Plaintiff." *Id.* ¶ 9.

According to plaintiff, she made several unsuccessful attempts to address Sprague's behavior by speaking directly with Sprague and by complaining to her supervisors at Quest. *Id.* ¶¶ 5–12. When her efforts failed, "Plaintiff asked to be transferred until Defendant Quest addressed Defendant Sprague's offensive conduct." *Id*. ¶ 13. Thereafter, plaintiff was transferred "to another office with less hours, resulting in a substantial decrease in salary." *Id.* ¶ 14.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and with the Maryland Commission on Civil Rights. ECF 2, ¶ 18. Plaintiff avers that she filed her suit more than 180 days after filing the Charge of Discrimination. *Id.*

Loh and Sprague were served with the suit on July 13, 2015. ECF 20-2; ECF 20-3. Quest was served with the suit a month later, on August 13, 2015. ECF 20-4. At that point, the suit could not be removed based on diversity of citizenship, because plaintiff and two of the defendants are domiciled in Maryland. However, "[o]n August 12, 2015, counsel for Quest contacted counsel for Loh and Sprague seeking consent to remove the action to federal court based on federal question jurisdiction." ECF 22 at 1, Opposition. But, "[c]ounsel for Loh and Sprague declined to consent to removal." *Id.*; *see also* ECF 14, Declaration of Eric Hemmendinger, Esquire, counsel for Quest ("Hemmendinger Declaration"), ¶¶ 3, 4; ECF 20 at 3, Motion ("Defendants Sprague and Loh elected to keep this action in state court . . . .").

On or about July 31, 2015, Loh and Sprague filed a motion to dismiss or to transfer the case to the Circuit Court for Baltimore County. ECF 4. Similarly, on August 21, 2015, Quest also moved to dismiss or to transfer the case from the Circuit Court for Baltimore City to the Circuit Court for Baltimore County. ECF 8. The Circuit Court for Baltimore City held a hearing on the motions on September 16, 2015. ECF 22 at 2. According to Quest, "[a]t the hearing, Plaintiff hand-served counsel for Quest" with her voluntary dismissal of Sprague and Loh. ECF 22 at 2. In particular, ECF 11 contains plaintiff's motion to dismiss the suit as to Sprague and Loh. By Order dated September 16, 2015, the Circuit Court for Baltimore City granted plaintiff's motion to dismiss Sprague and Loh, with prejudice. ECF 12.

## II. Discussion

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

A federal court "should construe removal statutes narrowly, [with] any doubts . . . resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011) ("JVCA")). The Fourth Circuit has said: "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

Under the general removal statute, 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Title 28 U.S.C. § 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." When a case arises under this provision, it is removable without regard to the citizenship of the parties. *See* 28 U.S.C. §§ 1441(a)–(b). However, removal requires the consent of all defendants. 28 U.S.C. § 1446(b)(2)(A).

Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every

defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court "of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the federal court in the district "where such action is pending." Notably, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* § 1446(b)(2)(B). Of import here, § 1446(b)(2)(A) provides: "When a civil action is removed solely under Section 1441(a), all defendants . . . must join in or consent to the removal of the action." And, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C). This is known as the Last-Served Defendant Rule. *See* JVCA, Pub. L. No. 112–63, 125 Stat. 758 (statutorily adopting the rule).[4]

Of relevance here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). As described by Wright & Miller, "federal courts have given the reference [in § 1446(b)] to 'other paper' an expansive construction and have included a wide array of documents within its scope." 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2009) ("WRIGHT & MILLER").

---

[4] With respect to cases removed to federal court from state court, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

As indicated, at the outset of this litigation, the case could not be removed on the basis of diversity jurisdiction. This is because two of the three defendants – Loh and Sprague – are, like plaintiff, domiciled in Maryland. ECF 1, ¶ 3. As a result, defendants could not satisfy the requirement of complete diversity. But, when suit was initially filed, Loh and Sprague could have been removed it to federal court under 28 U.S.C. § 1331, based on federal question jurisdiction, so long as both defendants consented to removal. And, when Quest was served a month later, Quest could have removed the case within thirty days of service, based on federal question jurisdiction, so long as both codefendants consented. *See* 28 U.S.C. § 1446(b)(2)(A) and (B).

Quest claims that it promptly sought the consent of its codefendants, Sprague and Loh, to remove the case based on federal question jurisdiction. *See* ECF 22 at 1. However, Sprague and Loh would not consent to removal. ECF 14, ¶ 4, Hemmendinger Declaration.[5] And, as noted, under 28 U.S.C. § 1446(b)(2)(A), "all defendants . . . must join in or consent to the removal of the action" when removal is predicated on § 1441(a). Thus, although the case was removable at its inception, Quest was unable to remove the case, because of the lack of consent of the two codefendants.

Because the codefendants would not consent to removal, Quest contends that "the initial pleading was not removable." ECF 22 at 2. In its view, "the action first became removable when the State court granted Plaintiff's voluntary motion to dismiss Loh and Sprague from the case." ECF 22 at 2. Quest asserts: "Although no federal question remained, diversity jurisdiction existed because the non-diverse defendants were dismissed." *Id.* at 2–3. Moreover, Quest contends that the voluntary dismissal of the non-diverse codefendants triggered a new 30-

[5] Plaintiff does not controvert these assertions. ECF 20 at 3, Motion.

day removal period under 28 U.S.C. § 1446(b)(3) and § 1332(a). *See* ECF 12. Therefore, it insists that its Notice of Removal was timely filed on October 9, 2015.[6]

Plaintiff counters: "The fact that Plaintiff voluntarily dismissed the non-diverse parties does not make the case removable because it was removable when initially filed, but Defendants elected not to . . . do so." ECF 20 at 3–4. Plaintiff maintains that the 30-day deadline for removal began on August 13, 2015, when Quest was served, because the case was removable at that time based on federal question jurisdiction. ECF 20 at 2–3, Motion. Pittman obsrves that Quest could have "removed the action within thirty days of service" on Quest, if Sprague and Loh had consented to the removal. ECF 20 at 3. Pittman argues that because "Quest failed to remove this action within thirty days of service, it is foreclosed from removing this action at this time." *Id.*

To be sure, dismissal of non-diverse parties is an occurrence "from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b)(3). "[A] change in the parties to the state court action through the plaintiff's voluntary dismissal of those defendants whose presence destroyed complete diversity of citizenship may *make a previously unremovable action removable*." 14C WRIGHT & MILLER, § 3731 (emphasis added); *see also Johnson v. Celotex Corp.*, 701 F. Supp. 553, 555–56 (D. Md. 1988) (superseded by statute on other grounds) (noting that the defendant had properly removed because "[o]nce plaintiffs settled with the non-diverse defendants, diversity jurisdiction existed"). However, by its express terms, § 1446(b)(3) is set in motion only "if the case stated by the initial pleading *is not removable*." *Id.* (emphasis added).

[6] Although it is unclear from the pleadings whether Quest was notified of the voluntary dismissal in person at the hearing on September 16, 2015, or by some other means on September 23, 2015 (ECF 20 at 2; ECF 22 at 2; ECF 12 at 1), the removal on October 9, 2015, occurred within thirty days of either date.

Quest insists that the refusal of Sprague and Loh to consent to removal based on federal question rendered this case "not removable" when Quest was served. Quest overlooks that federal question jurisdiction provided a basis for removal at the outset of the litigation. Of import here, § 1446(b)(3) provides that, "if the case stated by the initial pleading is *not* removable," it may be removed within thirty days after it "has become removable." (Emphasis added.)

According to 14B WRIGHT & MILLER § 3721:

> In general, and of cardinal importance, an action is removable only if it originally might have been brought in a federal court. . . . The grounds for removal must inhere in the plaintiff's claim.[] Accordingly, the federal court must evaluate the substantive underpinnings of the plaintiff's claim to determine the propriety of removal. Typically, the federal court will examine the record of the state court action[] as it stands at the time the notice of removal is filed with the federal court.[]

The Fourth Circuit has instructed that "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Whether an initial pleading is removable under § 1446(b)(3) depends on whether a valid basis for removal is set forth in the plaintiff's allegations. *See Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) ("[I]t has been frequently decided by this court that whether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition. . . .") (citations omitted); *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002).

To be sure, the case was "not removable" at the outset of the litigation based on diversity jurisdiction. Rather, diversity jurisdiction was "first . . . ascertained" when Sprague and Loh

were dismissed from the State suit. 28 U.S.C. § 1446(b)(3). However, as initially filed, this case could have been removed by Loh and Sprague, based on federal question jurisdiction. And, when Quest was served, the 30-day removal clock began over again. With the consent of Loh and Sprague, Quest could have removed the case, with their consent. Put another way, federal jurisdiction could be "ascertained" when the Complaint was filed and served. *See* 28 U.S.C. § 1446(b)(3).

That Sprague and Log refused to consent to removal does not mean the case was not inherently removable. Ordinary principles of statutory construction compel this conclusion.

The Supreme Court has advised: "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *U.S. v. Ron Pair Enter., Inc.*, 489 U.S. 235, 242 (1989) (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). Courts are guided by the "understanding that Congress 'says in a statute what it means and means in a statute what it says there.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (Scalia, J.) (discussing statutory construction in the context of 11 U.S.C. § 506) (citations omitted). And, when a "statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Id.* (internal quotations and citations omitted).

As the Supreme Court said in *Sebelius v. Cloer*, ___ U.S. ___, 133 S. Ct. 1886, 1893 (2013), "in any statutory construction case, we start, of course, with the statutory text, and proceed from the understanding that unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." (citing *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006)) (alterations and quotations omitted). *See also Williams v. U.S. Merit Sys.*

*Prot. Bd.*, 15 F.3d 46, 49 (4th Cir. 1994) ("Statutory construction begins with an examination of the literal language of a statute. This court follows the principle that statutes should be construed under their plain and ordinary meaning absent explicit legislative intent to the contrary.") (Citations and quotations omitted).

Certainly, when the codefendants were dismissed, complete diversity was created for the first time. If there had been no federal question jurisdiction at the outset of the case, the existence of diversity jurisdiction for the first time would have enabled Quest to remove on that basis. But, those are not the facts of this matter.

Judge Kozinski's opinion for the Ninth Circuit in *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006), supports the view that this case was "removable" at inception based on federal question jurisdiction, notwithstanding that two of the defendants declined to consent to removal. In dicta, he said, *id.* at 1253 (emphasis added):

> Where the timeliness of removal under section 1441 is at issue, it makes sense to presume that removal statutes are to be strictly construed against federal court jurisdiction. *When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking.* If the defendant can't convince his co-defendants to remove, he's stuck in state court, and later disclosure that the case is also removable on another ground under section 1441 doesn't help bring him to federal court.

Defendant cites *Parker v. County of Oxford*, 224 F. Supp. 2d 292 (D. Me. 2002), to support the assertion that, at the outset, this case was "not removable" under § 1446(b)(3) because the codefendants refused to consent to removal. The plaintiff in *Parker* originally filed a complaint in a Maine state court against three defendants, alleging violation of his Fourth Amendment rights. *Id.* at 293. The three defendants were served on February 27, 2002. *Id.* Two of the three defendants tried, unsuccessfully, to convince the third to remove the case to federal court. *Id.* On June 4, 2002, the non-consenting defendant was voluntarily dismissed

from the case. Thereafter, on June 18, 2002, the two remaining defendants removed the case to federal court pursuant to 28 U.S.C. § 1446, on the basis of federal question jurisdiction. *Parker*, 224 F. Supp. 2d at 293. The plaintiff subsequently moved to remand the case. *Id.*

The *Parker* Court stated that "there are two conditions precedent to a case being removed to federal court" based on federal question jurisdiction. *Id.* at 294. First, according to the court, there must be "existence of a federal question" and second, there must be "consent of all defendants." *Id.* Under this framework, the court denied the plaintiff's motion to remand, *id.* at 296, concluding that the case "did not become removable until the nonconsenting Defendant was dismissed from the case." *Id.* at 294.

In reaching this conclusion, the *Parker* Court considered cases in which defendants used § 1446 to remove suits based on diversity jurisdiction after non-diverse defendants had been dismissed from underlying state lawsuits. *See Parker*, 224 F. Supp. 2d at 294–95 (discussing *Hessler v. Armstrong World Indus.*, 684 F. Supp. 393 (D. Del. 1998), stating that once non-diverse defendants settled, the case could be removed based on diversity, but concluding that non-diverse defendants had not timely removed). The *Parker* Court reasoned, 224 F. Supp. 2d at 295, n.6 (alteration and emphasis added):

> This Court finds the voluntary dismissal by Plaintiff of a nonconsenting Defendant to be analogous to the situation where a plaintiff voluntarily dismisses a nondiverse defendant, thereby rendering the action removable. "A change in the parties to the state action, such as the plaintiff's voluntary dismissal of those defendants whose presence in the action destroyed complete diversity of citizenship, may make a previously unremovable action removable." [citing Wright and Miller]. It is undisputed that this latter situation creates removability where there was none before. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (citing 28 U.S.C. § 1446(b)) (where case not originally removable, defendant who receives a pleading or other paper indicating dismissal of a nondiverse party may remove the case to federal court within 30 days of receiving such information). *A nonconsenting defendant creates a barrier to removability just as does a nondiverse defendant. Although the former is a procedural barrier*

> *and the latter is a jurisdictional barrier, for purposes of determining when a case becomes removable, the Court sees no reason to distinguish between them.*

*Parker* does not persuade me. In my view, it is untenable to conclude that a case which, at the outset, includes a federal question and is inherently removable, nonetheless qualifies as non-removable based on a defendant's lack of consent to removal. It is not comparable to a case that lacks federal question jurisdiction until a federal claim is added or lacks diversity jurisdiction until non-diverse parties are dismissed from the suit. When, as here, a complaint filed in state court includes a federal question, defendants can first "ascertain" federal jurisdiction at that point.

As discussed, a federal court "should construe removal statutes narrowly, [with] any doubts . . . resolved in favor of state court jurisdiction." *Barbour*, 640 F.3d at 617; *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008) (noting that the Fourth Circuit's conclusion was "consistent with the well-established principle that [it was] obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated and that if federal jurisdiction is doubtful, a remand to state court is necessary") (citations and quotations omitted); *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Procedural requirements—whether demanding compliance with a deadline or consent among parties—impact the outcome of removal based on any ground. But, these requirements do not determine whether a basis for federal jurisdiction exists in the first instance.

Congress has not articulated the procedural/jurisdictional distinction on which the *Parker* Court relied, and to presume otherwise runs counter to the need for courts to "strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151. For these reasons, I decline to extend the reasoning in *Parker* to this case.

**III. Conclusion**

I conclude that this case was removable when it was first filed on June 29, 2015. Therefore, the removal on October 9, 2015 (ECF 1) was untimely. 28 U.S.C. § 1446(b)(1). Accordingly, I shall GRANT plaintiff's Motion (ECF 20) and remand this case to the Circuit Court for Baltimore City.

An Order follows.

Date: February 11, 2016

/s/
Ellen Lipton Hollander
United States District Judge